United States District Court
Middle District of Florida
Jacksonville Division

**STATE OF FLORIDA,**

    *Plaintiff,*

v.                                     **NO. 3:26-cv-828-MMH-PDB**

**ARSENIO DAMAR BEY,**

    *Defendant.*

---

## Report and Recommendation

Arsenio Bey, proceeding without a lawyer and applying to proceed without prepaying fees or costs, Doc. 2, removed his state criminal case to this court, Doc. 1. *See State v. Bey*, No. 4-2026-CT-96-CTAM (Bradford Cnty. Ct.). The undersigned recommends remanding the case.

In a document titled "Legal Notice of Removal Claim from State Court to Federal Court," Bey alleges that, after he was involved in a car crash, a Bradford County Sheriff's Office deputy issued him a traffic citation for failing to have a valid driver's license. Doc. 1 at 6; Doc. 1-1 at 11 (citation describing the offense as, "No driver['s] license – never had one issued. Was involved in a traffic crash. Only had [a] passport."). He asserts that he is not subject to the jurisdiction of the United States or the State of Florida and appears to challenge the constitutionality of the Florida Statute requiring a valid driver's license to drive a vehicle, *see* Fla. Stat. § 322.03. Doc. 1 at 6–7.

Bey asserts that this court has original jurisdiction under these laws:

**ORIGINAL JURISDICTION**
Article III, Section 2; Article VI
United States Republic Constitution
Treaty of Peace and Friendship
'Established Law of the Land'

Federal Question(s):
Constitutionality of Statute(s) ; Due Process, Religious Liberty
Universal Declaration of Human Rights
United Nations Declaration on Rights to Indigenous Peoples
Supreme Court Rulings

Doc. 1 at 1.

Bey demands this relief:

- enforcement of "The Divine Constitution and By-Laws of the Moorish Science Temple of America; The Moorish Nation of North America; Act VI: By Being Moorish American, you are Part and Parcel of this said government and Must Live the Life Accordingly; Article VI of the United States Constitution Republic/The Treaty of Peace and Friendship of … 1836 A.D. and 1787";

- enforcement of the First and Fourth through Tenth Amendments to the United States Constitution;

- acknowledgment of "the Grantor/Master, an Allodial Aboriginal Indigenous (in [his] Proper Person) as a Moor American National (Natural Born Heir of the Land) and NOT as a (brand) NEGRO, BLACK (person), COLORED, AFRICAN-AMERICAN, SOVEREIGN CITIZEN or any other SLAVE TITLE or 'nom de guerre' imposed upon [him] for misrepresentation 'Actions' or other acts of 'Misprision' that a misdirected society may 'believe' to be true";

- dismissal of all "Citations-Summons/Ticket-Suit … Bill of Exchange and warrants" from the state case and expungement of the record; and

2

- "[d]ismissal with prejudice for Lack of improper service of process, Due Process and Personum and Subject Matter jurisdiction."

Doc. 1 at 13 (capitalization and errors in original).

Bey includes with the notice of removal a "Complaint for a Civil Case" form naming "State of Florida, et al" as the plaintiff and himself as the "demandant." Doc. 1-1 at 1. Under "Statement of Claim," he relies on the notice of removal and demands dismissal and expungement. Doc. 1-1 at 4. He asserts that this court has federal question jurisdiction:

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.   If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*1787 Treaty of Peace and Friendship Organic Constitution for the United States of America (Republic) United Nations Declaration of Rights to Indigenos People United Nations Declaration of Human Rights, Et Al*

**B.   If the Basis for Jurisdiction Is Diversity of Citizenship**

Doc. 1-1 at 3. He includes these exhibits:

**EXHBITS
OF CONTENTS**
(But not limited to;)

**Exhibit A -**  Writ of Removal from State Court to Federal
**Exhibit B -**  Writ in the Nature of Discovery
**Exhibit C-**  Certificate of Service – C1,C2, C3
**Exhibit D-**  Certification in lieu of Financial Statement
**Exhibit E -**  Cover Letter to Attorney General for the State of Florida
**Exhibit F-**  Voided Summons/Citation
**Exhibit G-**  Judicial Proclamations
**Exhibit H-**  Certificate of Trust
**Exhibit I-**  National Identification Card and title 18 USC 1028 subsection 1508
**Exhibit J-**  Certified Library of Congress 1787 Treaty of Peace and Friendship
**Exhibit K-**  Certified Library of Congress United Nations Declaration Rights to Indigenous People
**Exhibit L-**  Certified Library of Congress United Nations Declaration of Human Rights
**Exhibit M-**  Certified House Resolution 75
**Exhibit N-**  House Resolution 1203 of the 56th Thomas – Moorish Holy Week
**Exhibit O-**  Zodiac Constitution

3

Doc. 1-1 at 6.

A court must construe a pleading drafted by an unrepresented litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A federal court must inquire into subject-matter jurisdiction whenever it may be lacking. *Greater Birmingham Ministries v. Sec'y of State for Ala.*, 992 F.3d 1299, 1316 (11th Cir. 2021). "A removing defendant bears the burden of proving proper federal jurisdiction." *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 155 (11th Cir. 2024).

Section 1443 of Title 28, United States Code, governs the removal of state criminal actions concerning civil rights:*

> Any of the following … criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

---

*Certain state criminal actions against federal officers, federal agencies, or members of the armed forces can also be removed. *See* 28 U.S.C. §§ 1442, 1442a.

4

Section 1455 of Title 28, United States Code, provides the procedure for removing a state criminal action. A defendant desiring removal must file a notice of removal in the federal district court and division within which the prosecution is pending. *Id.* § 1455(a). The filing of a notice of removal does not prevent the state court from proceeding "except that a judgment of conviction shall not be entered unless the prosecution is first remanded." *Id.* § 1455(b)(3). The federal district court must "examine the notice promptly." *Id.* § 1455(b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Section 1447 of Title 28, United States Code, provides the general procedure after removal. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." *Id.*

The United States Supreme Court has interpreted § 1443 to apply "only to rights that are granted in terms of [racial] equality and not to the whole gamut of constitutional rights." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). For removal under § 1443(1), the petitioner must show that "the right upon which [he] relies arises under a federal law providing for specific civil rights stated in terms of racial equality" and that "he has been denied or cannot enforce that right in the state courts." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (internal quotation marks and quoted authority omitted). Removal under § 1443(2) "is available only to federal officers and to persons

5

assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966).

In *Younger v. Harris*, the United States Supreme Court explained a rule of abstention:

> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.

401 U.S. 37, 45 (1971) (quoted authority omitted). A dismissal based on *Younger* abstention is without prejudice. *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008).

Removal of Bey's state criminal action is improper. He has not shown that the state court has denied him a federal right stated in terms of racial equality and that he has been denied or cannot enforce that right in state court. *See* 28 U.S.C. § 1443(1). And he has not shown that he is a federal officer or a person assisting a federal officer in the performance of official duties. *See id.* § 1443(2). Because removal is improper and this court lacks subject-matter jurisdiction to preside over Bey's state criminal action, remand to state court is warranted. *See id.* §§ 1447(c), 1455(b)(4). This conclusion "clearly appears on the face of the notice and … exhibits," warranting an order for summary remand. *See id.* § 1455(b)(4) (quoted).

To the extent Bey's filings may be liberally construed as an attempt to file a civil complaint in federal court, dismissal without prejudice based on *Younger* abstention would be warranted. Bey describes no extraordinary circumstance, and nothing suggests his rights will not be adequately protected in state court.

The undersigned recommends:

(1)    **remanding** the case to state court, and

(2)    **directing** the clerk to (a) mail a certified copy of the remand order to the state court's clerk, (b) terminate the pending motion to proceed without prepaying fees or costs, Doc. 2; and (c) close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). An objection must not exceed 10 pages. Local Rule 3.01(b). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). A response must not exceed 10 pages. Local Rule 3.01(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings        or        recommendations … in        a        report        and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

7

**Entered** in Jacksonville, Florida, on April 30, 2026.



Patricia D. Barksdale
United States Magistrate Judge

c:       The Honorable Marcia Morales Howard

Arsenio Damar Bey
23110 State Road 54 #509
Lutz, FL 33549